# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JERONE McDOUGALD,

                    Petitioner,              :       Case No. 1:23-cv-509

   - vs -                                                District Judge Jeffery P. Hopkins
                                                     Magistrate Judge Michael R. Merz

WARDEN, Toledo Correctional
   Institution,

                                             :
                    Respondent.

# REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. It is ripe for decision on the Petition (ECF No. 3), the State Court Record (ECF No. 13), the Return of Writ (ECF No. 14), and the Reply (ECF No. 16).

**Litigation History**

On October 22, 2019, a Scioto County Grand Jury indicted Petitioner on two counts of harassment with a bodily substance in violation of Ohio Revised Code § 2921.38(A) and (D). (Indictment, State Court Record, ECF No. 13, Exhibit 1). The Indictment spoke to two separate offenses on March 18 (Count One) and March 28, 2019 (Count Two), respectively.

Petitioner pleaded not guilty by reason of insanity and sought a competency evaluation, but was found competent on September 2, 2020, after the evaluation was completed. *Id.* at Ex. 8. Trial

was continued several times because of the COVID-19 pandemic and once because of the unavailability of a witness. Count One was dismissed on motion of the State and McDougald was found guilty on Count Two by a trial jury (State Court Record, ECF No. 13, Exs. 11 and 18). He was then sentenced to twelve months imprisonment consecutive to the sentence he was serving on an earlier conviction. *Id.* at Ex. 18.

Petitioner appealed to the Ohio Court of Appeals for the Fourth District which affirmed the conviction and sentence. *State v. McDougald*, 2022-Ohio-3191 (Ohio App. 4th Dist. Sept. 8, 2022). Petitioner did not take a direct appeal to the Supreme Court of Ohio. However, on December 7, 2022, he filed an Application to Reopen the Appeal pursuant to Ohio R. App. P. 26(B) (Application, State Court Record, ECF No. 13, Ex. 23). On March 13, 2023, the Fourth District denied the 26(B) Application. *Id.* at Ex. 25. Petitioner appealed that decision to the Supreme Court of Ohio which declined to accept jurisdiction. *State v. McDougald,* 170 Ohio St.3d 1450 (2023)(copy at State Court Record, ECF No. 13, Ex. 29).

McDougald then filed his Petition for Writ of Habeas Corpus in this Court, pleading the following grounds for relief:

> **Ground One**:
>
> **Supporting Facts**: Appellate Attorney was ineffective in violation of the 6th Amendment of U.S. Constitution for failing to raise, that the trial court committed error by imposing a consecutive 1 year sentence to the 20 year sentence that I was currently serving in violation of R.C. 2929.41(A).
>
> **Ground Two**:
>
> **Supporting Facts:** Appellate Attorney was ineffective in violation of the 6th Amendment of U.S. Constitution for failing to raise that a 1 year sentence was not supported by the record and was contrary to R.C. 2929.14(C).

(Petition, ECF No. 3).

2

McDougald has attached to the Petition a document labeled "Traverse" which is structured as if it were a memorandum in support of jurisdiction in the Ohio Supreme Court and asserts this Court should grant the writ for three reasons and then recites three propositions of law:

> **Proposition of Law No. 1:**
>
> The Sixth Amendment of the U.S. Constitution guarantees a Defendant's right to Effective Assistance of Counsel.
>
> **Proposition of Law No. 2**:
>
> A prison term, Jail term, or sentence of imprisonment shall be served concurrently with any other prison term imposed by a court of this State.
>
> **Proposition of Law No. 3**:
>
> The imposition of a consecutive one year sentence is not supported by the record.

 (PageID 47-56).

The term "traverse" is a label formerly used for a habeas petitioner's response to the custodian's answer. Although still often found in habeas practice, it has been superseded by the term "reply" for the document that embodies a petitioner's response. See Rule 5(c) of the Rules Governing § 2254 Cases and Advisory Committee Comments to the 2004 Amendments to Rule 5. A habeas petitioner has a right to file a reply. This Court set a date for a reply in its Order for Answer and Petitioner has filed a document labeled "Reply" (ECF No. 16). Mindful of its obligation to construe *pro se* pleadings liberally, the Court will treat the "Traverse" as supplementing the Petition and deal herein with the arguments it makes.

# Analysis

### Ground One:  Ineffective Assistance of Appellate Counsel

In his first Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise as an assignment of error that the trial court imposed the twelve-month sentence in this case to run consecutively to the twenty-year sentence he was already serving.  This claim encompasses Ground One and Propositions of Law One and Two.

The Sixth Amendment to the United States Constitution entitles a criminal defendant to the effective assistance of counsel in his or her defense.  The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

4

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. *Id*., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-

> probable-than-not standard is slight and matters "only in the rarest case." *Id.*, at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963); *Anders v. California*, 386 U.S. 738 (1967); *United States v. Cronic,* 466 U.S. 648 (1984). The right to counsel is limited to the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600 (1974). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.*

As required by Ohio law[1], McDougald raised this claim of ineffective assistance of appellate counsel in his 26(B) Application and the Fourth District decided the claim as follows: "The record in the case at bar establishes that Appellant specifically asked the trial court to run the sentences consecutively. T. at 288." (Judgment Entry, State Court Record, ECF No. 13, Ex. 25,

---

[1] See *State v. Murnahan*, 63 Ohio St. 3d 60 (1992); *Carter v. Mitchell,* 693 F.3d 555, 564 (60th Cir. 2012).

PageID 206).  Petitioner does not dispute the accuracy of this quotation from the trial court record.

Nor does he make any effort to show that the Fourth District's implicit conclusion of law – that

any claim of error in the consecutive sentence was waived -- is an error under Ohio law.

It cannot be ineffective assistance of appellate counsel to fail to plead an assignment of

error that has no merit.  Such a claim would fail both prongs of the *Strickland* analysis:  it cannot

be deficient performance to fail to plead a meritless claim and neither can it be prejudicial.  Failing

to raise wholly meritless claims is neither deficient nor prejudicial. *Moody v. United States,* 958

F.3d 485, 492 (6th Cir. 2020), citing *Bennett v. Brewer,* 940 F.3d 279, 286-87 (6th Cir. 2019);

*Sutton v. Bell,* 645 F.3d 752, 755 (6th Cir. 2011).  *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th

Cir. 2020) ("The failure to raise a meritless claim does not constitute ineffective assistance of

counsel.").

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision is

contrary to or an objectively unreasonable application of clearly established precedent of the

United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011);

*Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams

(Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  Deference is also due under 28 U.S.C. § 2254(d)(2)

unless the state court decision was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceedings.

The Fourth District's denial of the 26(B) Application is entitled to deference under this

standard.  McDougald has failed to cite any United States Supreme Court precedent which the

Fourth District applied unreasonably.  Provided it is done knowingly, intelligently and voluntarily,

even the right to trial can be effectively waived. *Brady v. United States,* 397 U.S. 742, 748 (1970);

*Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984).

Petitioner's first Ground for Relief is without merit and should be dismissed with prejudice on that basis.

**Ground Two:  Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, McDougald claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise as an assignment of error that consecutive sentencing was not supported by the record and was contrary to Ohio Revised Code § 2929.14(C).

McDugald also raised this claim in his 26(B) Application and the Fourth District decided it as follows:  "[T]he record further establishes that the consecutive-sentence findings under R.C. 2929.14(C)(4) have been made by the trial judge on the record."  (Judgment Entry, State Court Record, ECF No. 13, Ex. 25, PageID 206).  As an additional reason for denying the 26(B) Application as to this claim, the Fourth District held:

> In *State v. Bonnell,* the Ohio Supreme Court held that "no statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences.  Thus. a trial court is not required by Crim.R. 32(A)(4) to give reasons supporting its decision to impose consecutive sentences." 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, 1127.

*Id.*

This is a decision on the merits on the same implicit logic as Ground One:  it cannot be ineffective assistance of appellate counsel to fail to raise a meritless assignment of error.  Here the

claim is held to be meritless as a matter of state law and this Court is bound by state courts' decisions of issues of state law, even those made in the case in suit. *Bradshaw v. Richey*, 546 U.S. 74 (2005). As with Ground One, McDougald makes no effort to show this ruling is an unreasonable application of a relevant Supreme Court decision. Ground Two should be dismissed with prejudice.

**Conclusion**

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 27, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.