# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JERONE McDOUGALD,

        Petitioner,    :    Case No. 1:23-cv-509

 - vs -        District Judge Jeffery P. Hopkins
        Magistrate Judge Michael R. Merz

WARDEN, Toledo Correctional
  Institution,

                :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. It is before the Court on Petitioner's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendations recommending dismissal ("Report" ECF No. 17). District Judge Hopkins has recommitted the case for consideration of the Objections (ECF No. 19).

In the Petition, McDougald pleaded two grounds for relief

> **Ground One:**
>
> **Supporting Facts:** Appellate Attorney was ineffective in violation of the 6th Amendment of U.S. Constitution for failing to raise, that the trial court committed error by imposing a consecutive 1 year sentence to the 20 year sentence that I was currently serving in violation of R.C. 2929.41(A).
>
> **Ground Two:**
>
> **Supporting Facts**: Appellate Attorney was ineffective in violation of the 6th Amendment of U.S. Constitution for failing to raise that a 1 year sentence was not supported by the record and was contrary to

1

R.C. 2929.14(C).

(Petition, ECF No. 3). The Report recommends dismissing both, but McDougald objects only as to Ground One.

In his First Ground McDougald complains that he was sentenced to a one-year term of imprisonment consecutive to the sentence he was then serving. This was an asserted error which could have been litigated on direct appeal, but the Fourth District would virtually certainly have held that it was procedurally defaulted because McDougald asked on the record in open court for a consecutive sentence and his attorney had not preserved an objection. Errors which can be litigated on direct appeal but are not raised are barred by *res judicata* from later litigation. *State v. Perry,* 10 Ohio St. 2d 175 (1967).

McDougald has never accused his trial attorney of ineffective assistance for failing to make the objection, again for the fairly obvious reason that a consecutive sentence was his client's expressed wish and to have violated his client's direction would have been a breach of loyalty.

When McDougald finally did make the claim in the Court of Appeals, that court held against McDougald because he had requested the consecutive sentence. The Report concluded this decision was neither contrary to nor an objectively unreasonable application of the controlling Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984).

McDougald objects that "A Defendant cannot request that a state law be violated and a Court Judge violate a law that he swears to uphold. . ." (Objections, ECF No. 18, PageID 286). But McDougald does not dispute that that is precisely what he did: ask a state judge to violate a sentencing law which he now claims is binding.

McDougald's actions come within the doctrine of invited error, defined as an error a party cannot complain of on appeal because the party, through conduct, encouraged or prompted the

trial court to make the erroneous ruling. Black's Law Dictionary 7th ed. at 563.  Because the error was invited, appellate counsel could not have effectively complained of it.  As noted in the Report, it cannot be ineffective assistance of appellate counsel to fail to raise a meritless assignment of error.

**Conclusion**

Because McDougald's Objections are without merit, they should be overruled and the Petition dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 18, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge