IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,

    *Petitioner*,

vs.

WARDEN, Toledo Correctional Institution,

    *Respondent*.

Case No. 1:23-cv-509

Judge Jeffery P. Hopkins

# OPINION AND ORDER

This case is before the Court on the Report and Recommendations (Doc. 17) and Supplemental Report and Recommendations (Doc. 21) of United States Magistrate Judge Michael R. Merz. The Magistrate Judge recommends that the Petition (Doc. 3) be dismissed with prejudice. Petitioner has objected. *See* Docs. 18, 22. The Court has carefully reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all the filings in this case with particular attention to the issues as to which Petitioner has lodged objections.

For the reasons set forth below, the Court **OVERRULES** Petitioner's objections (Docs. 18, 22), **ADOPTS** the R&R (Doc. 17) and Supplemental R&R (Doc. 21), and **DISMISSES** the Petition (Doc. 3) with prejudice.

## I.    BACKGROUND

Petitioner was indicted by a Scioto County Grand Jury in October 2019 on two counts of harassment with a bodily substance in violation of Ohio Revised Code § 2921.38(A) and (D). Doc. 13, PageID 78–80. As outlined in the indictment, Petitioner was alleged to have committed separate offenses on March 18, 2019, and March 28, 2019, respectively. *Id.*

Petitioner pleaded not guilty by reason of insanity, but he was found competent following a competency evaluation. *Id.* at PageID 96–97. Count one was dismissed on motion by the State. At trial, a jury found Petitioner guilty on count two. Doc. 13, PageID 102–03, 123–28. Petitioner was ultimately sentenced to twelve months imprisonment consecutive to the sentence he was serving on an earlier conviction. *Id.* at PageID 123–28.

On appeal, the Ohio Court of Appeals for the Fourth District affirmed the conviction and sentence. *State v. McDougald*, 2022-Ohio-3191 (Ohio App. 4th Dist. Sept. 8, 2022). Petitioner did not directly appeal to the Supreme Court of Ohio—but on December 7, 2022, he filed an Application to Reopen the Appeal pursuant to Ohio R. App. P. 26(B). *See* Doc. 13, PageID 192–97. That application was denied. *Id.* at PageID 201–07. The Supreme Court of Ohio declined to accept jurisdiction when Petitioner appealed the Fourth District's denial. *State v. McDougald,* 170 Ohio St.3d 1450 (2023); Doc. 13, PageID 232–33.

Presently before the Court is the Petition for Writ of Habeas Corpus, wherein Petitioner pleads the following grounds for relief:

> **Ground One:**
>
> **Supporting Facts:** Appellate Attorney was ineffective in violation of the 6th Amendment of U.S. Constitution for failing to raise, that the trial court committed error by imposing a consecutive 1 year sentence to the 20 year sentence that I was currently serving in violation of R.C. 2929.41(A).
>
> **Ground Two:**
>
> **Supporting Facts:** Appellate Attorney was ineffective in violation of the 6th Amendment of U.S. Constitution for failing to raise that a 1 year sentence was not supported by the record and was contrary to R.C. 2929.14(C).

Doc. 3.

## II.   STANDARD OF REVIEW

A district judge must review *de novo* any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). If presented with a proper objection, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). General or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III.   LAW AND ANALYSIS

Petitioner raises ineffective assistance of counsel in his first and second grounds for relief. The Sixth Amendment entitles a criminal defendant to the effective assistance of counsel in his or her defense. The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984) outlined the governing standard for ineffective assistance of counsel:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. To succeed on a claim for ineffective assistance of counsel, a defendant must

3

show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010) (citing *Knowles v. Mirzayance,* 556 U.S. 111 (2009)).

As to the first prong, *Strickland* provides that:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689. And, for the second prong:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

*Id.* at 694. Importantly, "[t]he likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 111–12 (2011)). The pertinent inquiry therefore is whether it is "reasonably likely" the result would have been different had counsel acted differently. *Harrington*, 562 U.S. at 112 (quoting *Strickland*, 466 U.S. at 696).

As relevant here, the *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp*, 483 U.S. 776 (1987). When considering an ineffective assistance claim for appellate counsel, the court must assess the strength of the claim that counsel failed to raise and consider whether a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Henness v. Bagley*, 644 F.3d 308, 317

4

(6th Cir. 2011) (citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008)). "If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel." *Id.*

### A. Ground One: Ineffective Assistance of Appellate Counsel

Petitioner claims in his first ground for relief that he received ineffective assistance of appellate counsel when his appellate attorney did not raise as an assignment of error that the trial court imposed the twelve-month sentence in this case to run consecutively to the twenty-year sentence he was already serving. Petitioner raised this claim of ineffective assistance of appellate counsel in an Ohio R. App. P. 26(B) Application as required by Ohio law. *See Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012). As the Magistrate Judge noted, the Fourth District expressly held that the record established "that Appellant specifically asked the trial court to run the sentences consecutively. T. at 288." Doc. 13, PageID 206.

Petitioner does not dispute the accuracy of this statement. He instead argues that an attorney cannot ask a court to violate the law and the law, by Petitioner's interpretation, required that his sentence be imposed to run concurrently with the sentence he was already serving. This Court agrees, however, that under *Strickland*, appellate counsel cannot be ineffective by failing to plead a meritless assignment of error. *See Moody v. United States,* 958 F.3d 485, 492 (6th Cir. 2020) (citing *Bennett v. Brewer,* 940 F.3d 279, 286–87 (6th Cir. 2019)); *Sutton v. Bell,* 645 F.3d 752, 755 (6th Cir. 2011); *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020) ("The failure to raise a meritless claim does not constitute ineffective assistance of counsel."). And therefore, the Magistrate Judge correctly concluded that the Fourth District's denial of the 26(B) Application is entitled to deference. Petitioner has failed to cite any United

5

States Supreme Court precedent which the Fourth District applied unreasonably.

Additionally, as clearly established above, Petitioner himself asked for a consecutive sentence. Therefore, if it was error to impose such a sentence, it was invited error which will not be corrected on appeal. Petitioner objected (*see* Doc. 22) but adds no argument to refute the Magistrate Judge's invited error analysis, which the Court adopts.

### B. Ground Two: Ineffective Assistance of Appellate Counsel

In his second ground for relief, Petitioner again claims ineffective assistance of appellate counsel—this time, for failure to object to the trial court's findings with respect to consecutive sentencing. As the Magistrate Judge noted, the Fourth District in denying Petitioner's Rule 26(B) application expressly found that the trial judge had made the necessary findings under Ohio law for imposition of a consecutive sentence. *See* Doc. 13, PageID 206. Whether or not certain trial court findings satisfy Ohio law for consecutive sentencing is a question of Ohio law on which this Court is bound to defer to Ohio courts. *Bradshaw v. Richey*, 546 U.S. 74 (2005). Petitioner's second ground for relief is therefore without merit.

### IV. CONCLUSION

As set forth above, Petitioner's objections are without merit and are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendations (Doc. 17) and Supplemental Report and Recommendations (Doc. 21) and **DISMISSES** the Petition (Doc. 3) with prejudice. The Court **CERTIFIES** that an appeal would be objectively frivolous and therefore Petitioner should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

October 7, 2024

Jeffery P. Hopkins
United States District Judge